**Gene Paul WHEATON, Petitioner—Appellant,**

v.

**Scott KERNAN, Respondent—Appellee.**

No. 07–56074.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 1, 2008.

Katherine A. Froyen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Steven E. Mercer, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: TROTT, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Despite being given an evidentiary hearing in federal court on his claim of ineffective assistance of counsel, habeas petitioner Gene Paul Wheaton ("Wheaton") has not established prejudice from the failure of trial defense counsel to investigate and call his potential alibi witnesses. The evidence presented in district court and in California state court to establish the alibi testimony was plainly insufficient. Counsel presented no live testimony or explanation for the unavailability of the two potential witnesses thought still to be alive at the time of the federal hearing. Nor were any affidavits or declarations offered to demonstrate what their testimony might have been if called in Wheaton's trial. Similarly, although potential witness Myers was deceased at the time of the federal hearing, Wheaton had presented only unsworn statements from her to the California state courts, and offered no explanation for the failure to obtain a sworn declaration or affidavit at a time when

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

doing so was still possible. Even assuming that Wheaton's claim as to his attorney's failure to present witness Watson was exhausted, Watson testified only that he last saw Wheaton many hours before the shootings took place. In short, Wheaton presented little competent evidence to show that Wheaton might have been elsewhere at the time of the crime.

To succeed on a claim of ineffective assistance, a petitioner must demonstrate not only that his counsel's performance was deficient in some respect, but that there was a reasonable probability that the result of the trial would have been different but for counsel's errors. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice for failure to call alibi witnesses, the petitioner must present evidence "sufficient to establish what [the witnesses'] testimony would have been." *Alcala v. Woodford,* 334 F.3d 862, 872 (9th Cir.2003). Wheaton's scant evidence falls short of satisfying this burden. Accordingly, we affirm the district court's determination that the California Court of Appeal did not unreasonably conclude that Wheaton was not prejudiced by the failure to call these potential alibi witnesses. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**